FILED

Stephen M. Doniger, Esq. (SBN 179314)
Email: Stephen@DonigerLawFirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: Scott@DonigerLawFirm.com
**DONIGER LAW FIRM APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Attorneys for Plaintiff

2008 MAR 18  PM 3: 51

CLERK U S DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

L.A. PRINTEX INDUSTRIES, INC., a
California Corporation,

Plaintiff,

vs.

LIALEE, INC., a California Corporation,
individually and doing business as
"WILLIAMS-EAST CORP"; ROSS
STORES, INC., a Delaware Corporation;
DEB SHOPS, INC. a Pennsylvania
Corporation;  MEGA PRINTEX, INC., a
California Corporation; DOES 1-10,
Defendants.

Case No.

**CV08 - 01836 ODW**    PJW

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR
   CONTRIBUTORY COPYRIGHT
   INFRINGEMENT

Jury Trial Demanded

Plaintiff, L.A. PRINTEX INDUSTRIES, INC. (hereinafter "LAP" or

"Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable

Court for relief as follows based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks

for use on textiles, which textiles are transacted primarily in the fashion industry.

Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the widespread misappropriation of Plaintiff's intellectual property rights in a substantial number of these designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff LAP is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5. Plaintiff is informed and believes and thereon alleges that Defendant LIALEE, INC., individually and doing business as "WILLIAMS-EAST CORP" (collectively "LEE"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1800 S. Hooper Ave. #C, Los Angeles, California 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC., ("ROSS") is corporation organized and existing under the laws of

the State of Delaware, with its principal place of business at 4440 Rosewood Drive Building 4, Pleasanton, California 94588.

7. Plaintiff is informed and believes and thereon alleges that Defendant DEB Shops, Inc., ("DEB") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 9401 Blue Grass Road, Philadelphia, PA 19114, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant MEGA PRINTEX, INC., ("MEGA") is a California Corporation with its principal place of business in Los Angeles County.

9. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

10. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN D40087

12. At least as early as October 2003, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of stylized black and gray vertically arranged floral elements which it had allocated Internal Design Code  D40087 ("Subject Design A"). A true and correct copy of Subject Design A is attached hereto as Exhibit 1. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

13. On June 13, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design A. A true and correct copy of this document, which reflects the allocation of registration code VA 1-378-100 to Subject Design A, is attached hereto as Exhibit 2.

14. On February 8th, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design A. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design A is attached hereto as Exhibit 3.

## CLAIMS RELATED TO DESIGN D40197

15. At least as early as 2004, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a stylized black and white floral pattern which it had allocated Internal Design Code D40197 ("Subject Design B"). A true and correct copy of Subject Design B is attached hereto as Exhibit 4. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

16. On June 12, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design B. A true and correct copy of this document, which reflects the allocation of registration code VA 1-375-110 to Subject Design B, is attached hereto as Exhibit 5.

17. On April 27, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit garments which infringed Subject Design B. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design B is attached hereto as Exhibit 6.

18. These transactions were not authorized by Plaintiff, and violated Plaintiff's intellectual property rights in Subject Design B.

## CLAIMS RELATED TO DESIGN D40314

19. At least as early as January of 2006, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of the black silhouettes of floating flowers and vines which it had allocated Internal Design Code D40314 ("Subject Design C"). A true and correct copy of Subject Design C is attached hereto as Exhibit 7. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

20. On February 22, 2006 Plaintiff applied for and received a United States Copyright Registration for Subject Design C. A true and correct copy of this

document, which reflects the allocation of registration code VA 1-344-829 to Subject Design C, is attached hereto as Exhibit 8.

21. On April 18, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design C. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design C is attached hereto as Exhibit 9.

22. These transactions were not authorized by Plaintiff, and violated Plaintiff's intellectual property rights in Subject Design C.

## CLAIMS RELATED TO DESIGN G70157

23. At least as early as January 2006, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a geometric pattern of green and brown shapes  which it had allocated Internal Design Code  G70157 ("Subject Design D"). A true and correct copy of Subject Design D is attached hereto as Exhibit 10. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

24. On February 22, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design D. A true and correct copy of this document, which reflects the allocation of registration code VA 1-344-830 to Subject Design D, is attached hereto as Exhibit 11.

25. On March 7th, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design D. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design D is attached hereto as Exhibits 12.

26. These transactions were not authorized by Plaintiff, and violated Plaintiff's intellectual property rights in Subject Design D.

## CLAIMS RELATED TO DESIGN H80088

27. At least as early as January 2006, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a stylized fruit pattern which it had allocated Internal Design Code H80088 ("Subject Design E"). A true and correct copy of Subject Design E is attached hereto as Exhibit 13. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

28. On February 21, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design E. A true and correct copy of this document, which reflects the allocation of registration code VA 1-360-756 to Subject Design E, is attached hereto as Exhibit 14.

29. On January 20, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design E. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design E is attached hereto as Exhibit 15.

30. These transactions were not authorized by Plaintiff, and violated Plaintiff's intellectual property rights in Subject Design E.

## CLAIMS RELATED TO DESIGN H80096

31. At least as early as 2002, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a stylized star pattern which it had allocated Internal Design Code H80096 ("Subject Design F"). A true and correct copy of Subject Design F is attached hereto as Exhibit 16. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

32. On March 10, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design F. A true and correct copy of this

document, which reflects the allocation of registration code VA 1-368-778 to Subject Design F, is attached hereto as Exhibit 17.

33. On April 27, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design F. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design F is attached hereto as Exhibit 18.

34. This transaction was not authorized by Plaintiff and violated Plaintiff's intellectual property rights in Subject Design F.

### CLAIMS RELATED TO DESIGN H80195

35. At least as early as 2006, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of stylized phrases which it had allocated Internal Design Code  H80195 ("Subject Design G"). A true and correct copy of Subject Design G is attached hereto as Exhibit 19. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

36. On March 10, 2006, Plaintiff applied for and received a United States Copyright Registration for Subject Design G. A true and correct copy of this document, which reflects the allocation of registration code VA 1-364-723 to Subject Design G, is attached hereto as Exhibit 20.

37. On April 27, 2007, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that ROSS was purchasing, distributing and selling for profit, garments which infringed Subject Design G. A true and correct copy of an exemplar of a garment sold by ROSS in violation of Plaintiff's copyright in Subject Design G is attached hereto as Exhibit 21.

### CLAIMS RELATED TO DESIGN D40392

38. At least as early as 2006, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a stylized floral pattern which it had allocated Internal Design Code  D40392 ("Subject Design H"). A true and correct copy of Subject Design H is attached hereto as Exhibit 22. This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

39. On February 1, 2007, Plaintiff applied for and received a United States Copyright Registration for Subject Design H. A true and correct copy of this document, which reflects the allocation of registration code VA 1-394-268 to Subject Design H, is attached hereto as Exhibit 23.

40. On January 13, 2007 Plaintiff's investigation into the unlawful use of its proprietary designs revealed that DEB was purchasing, distributing and selling for profit, garments which infringed Subject Design H. A true and correct copy of an exemplar of a garment sold by DEB in violation of Plaintiff's copyright in Subject Design H is attached hereto as Exhibit 24.

41. Subject Designs A -H will be collectively referred to as "Subject Designs."

42. Plaintiff's investigation further revealed that the totality of the infringing garments set forth in the preceding paragraphs were supplied to ROSS and DEB by LEE, a clothing vendor and importer based in Los Angeles, California, and operating in the same market as Plaintiff.

43. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization LEE created, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments (hereinafter "Infringing Garments")comprised of fabric featuring a design which is identical to or substantially similar to, Plaintiff's Subject Designs.

44. Plaintiff is informed and believes that the fabric used by LEE to create and manufacture the illicit goods was supplied to LEE by MEGA, and done so without the consent or authorization of Plaintiff.

45. LEE sold Infringing Garments to, without limitation defendants ROSS and DEB. These transactions were not authorized by Plaintiff, and violated Plaintiff's intellectual property rights in Subject Designs.

46. Plaintiff's investigation further revealed that LEE had manufactured all of the above Infringing Garments overseas in China and illegally imported them into the United States, with the exception of the garment discussed in the claim related to Design H80096.

47. On October 8, 2007, Plaintiff issued cease and desist demands to LEE in an attempt to prompt LEE to refrain from selling products which infringed Plaintiff's rights in each of the Subject Designs.

48. On information and belief, on October 8, 2007, Plaintiff issued cease and desist demands to ROSS in an attempt to prompt LEE to refrain from selling products which infringed Plaintiff's rights in each of the Subject Designs.

49. Prior to the alleged infringement, Plaintiff had formatted the Subject Designs for use on textiles, sampled the Subject Designs to prospective customers and negotiated sales of fabric bearing the Subject Design.

50. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Designs.  Plaintiff is informed and believes and thereon alleges that one or more of the named Defendants owns and/or otherwise controls these labels and caused garments under those labels to be manufactured.

51. Plaintiff is informed and believes that this conduct continued to occur subsequent to Defendants, and each of their, receipt of the aforementioned cease and desist demands.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

52. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs and samples.

54. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

55. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

56. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

57. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

58. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

59. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

61. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

62. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

63. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1.  With Respect to Each Claim for Relief

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504(b) et seq.;

    c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

    d.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    f.  That Plaintiff be awarded the costs of this action; and

///
///

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated:  March 14, 2008                      **DONIGER LAW FIRM APC**

By: /S/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Attorneys for Plaintiff
L.A. PRINTEX INDUSTRIES, INC.

14
COMPLAINT

Exhibit 1



# Exhibit 2

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Form VA
For a Work of the Visual Arts

VA 1-378-100

EFFECTIVE DATE OF REGISTRATION

June 13 2006

---

**1**

**Title of This Work ▼**

LA PRINTEX GROUP D-3-S

**NATURE OF THIS WORK ▼ See Instructions**

TEXTILE DESIGN

**Previous or Alternative Titles ▼**

D40068, D40067, D40066, D40061, D40074, D40072, D40071, D40068, D40066, D40065, D40063

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**

a   LA PRINTEX INDUSTRIES, INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

**Name of Author ▼**

b   LA PRINTEX INDUSTRIES, INC.

**Dates of Birth and Death**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

---

**3**

a  **Year in Which Creation of This Work Was Completed**
2003   Year   This information must be given in all cases.

b  **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month OCT  Day 15  Year 2003
USA      Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

LA PRINTEX INDUSTRIES, INC.
3270 E. 26th St.
VERNON, CA. 90023

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JUN 13 2006
ONE DEPOSIT RECEIVED
JUN 13 2006
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.      • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

EXAMINED BY _____   FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

See instructions
before completing
this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                   Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

**LA PRINTEX INDUSTRIES, INC.**
   **3270 E 26TH ST**
   **VERNON, CA 90023**

b

Area code and daytime telephone number   **( 323 ) 269 - 0100**        Fax number   **( 323 ) 269 - 0190**

Email

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

**JAE SOON NAH**                                       Date   **5/18/2006**

Handwritten signature (X) ▼

X  _____

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
   **LA PRINTEX INDUSTRIES, INC**

Number/Street/Apt ▼
   **3270 E 26TH ST**

City/State/ZIP ▼
   **VERNON, CA 90023**

• Complete all necessary spaces
• Sign your application in space 9

1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# Exhibit 3



Exhibit 4



# Exhibit 5