**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1836 ODW(PJWx) | Date | October 28, 2008 |
| Title | L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Otis D. Wright II, United States District Judge | |
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):** **Order Attaching Tentative Ruling Re Plaintiff's Motion for Summary Adjudication [32] (Filed 10/13/08)**

The Court hereby issues the following Tentative Ruling in the above-captioned case. This tentative ruling is intended to focus counsel's arguments in this matter and to provide each party the opportunity to address questions and/or concerns the Court may have. Unless indicated otherwise, **nothing herein shall be viewed as a final order or opinion of the Court.**

The hearing scheduled for November 3, 2008 at 1:30 p.m. remains on calendar.

IT IS SO ORDERED.

: 00

Initials of Preparer    RGN

# TENTATIVE RULING ONLY

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1836 ODW (PJWx) | Date | October 28, 2008 |
| Title | L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al. | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present       Not Present

**Proceedings (In Chambers):**   **TENTATIVE RULING\* re: Plaintiff's Motion for Summary Adjudication [Docket #32]**

Plaintiff L.A. Printex Industries, Inc.'s ("Plaintiff") valid copyright registrations for the seven designs at issue entitle its works to a presumption of originality and validity. 17 U.S.C. § 410(c). To rebut this presumption, there must be "a showing on the part of defendant that the plaintiff's work is not original but copied from another's work." *N. Coast Indus. v. Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). "[I]n order to establish that the plaintiff copied a preexisting work, *a defendant must show* that plaintiff had access to the prior work and that plaintiff's work is substantially similar to the prior work in both ideas and expression." *Id.* at 1033-34 (emphasis added).

Defendant Lia Lee, Inc. ("Lia Lee") argues that Plaintiff copied the designs at issue from prior work. (Opp'n at 2.) Thus, Lia Lee must come forward with evidence that Plaintiff had (1) access to the prior work; and (2) that Plaintiff's work is both intrinsically and extrinsically similar to that of the prior. In this regard, the Court is of the tentative opinion that Lia Lee has not produced sufficient evidence. First, Lia Lee has not properly authenticated Exhibit A to Helen Wong's Declaration. Second, evidence of access appears to be entirely circumstantial and, in any event, based on inadmissible double hearsay. Even if Lia Lee were able to authenticate the issues of "Fashion News," without more, the Court is not inclined to infer

---

\* The Court hereby issues the following Tentative Ruling in the above-captioned case. This tentative is intended to focus counsel's arguments in this matter and to provide each party the opportunity to address questions and/or concerns the Court may have. Unless indicated otherwise, nothing herein shall be viewed as a final order or opinion of the Court.

**TENTATIVE RULING ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1836 ODW (PJWx) | Date | October 28, 2008 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

constructive knowledge of its content on the sole basis that Plaintiff is engaged in the fashion industry and may have read that particular magazine. Helen Wong's statement that she was told by Ms. Lia Lee who was told by Ms. Judy Rosenberg that Ms. "Moon," the former owner of Plaintiff L.A. Printex, used to subscribe to *certain* fashion/design publications, is inadmissible double hearsay and does not advance Lia Lee's position. The Court recognizes that there is an outstanding subpoena issued against Ms. Rosenberg for inspection and copying of all publication materials subscribed to by Ms. Moon, to take place on November 7, 2008. Depending on the fruits of that inspection, Lia Lee may have evidence of access capable of rebutting the presumption afforded to Plaintiff.

     As to the substantial similarity between Plaintiff's designs and the alleged prior works, the Court reiterates, as a threshold matter, that Lia Lee has not properly authenticated Exhibit A to Helen Wong's Declaration. Assuming that occurs,[1] the Court is inclined to find that at best, only two of Plaintiff's designs, D40087 and H80096, present questions of fact as to substantial similarity which would require resolution by the trier of fact.

     It is not the Court's normal practice to issue tentative rulings. However, in light of the fact that the dispositive issue of copyright validity (discussed above) is only tangentially addressed by the parties, the Court finds it appropriate in this instance to make an exception. Indeed, if the Court were to find Lia Lee unable to rebut the presumption of originality, the Court is tentatively of the opinion that Lia Lee's liability would all but be established with respect to at least six of the seven designs at issue. Thus, Lia Lee's ability to rebut the statutory presumption of validity is paramount to it successfully defending itself.

     Hearing on this matter remains on calendar for November 3, 2008, at 1:30 p.m. At that time, both parties will have the opportunity to fully address the Court's tentative conclusions.

                                                                                                                 ---- : 00

                                                  Initials of Preparer    RGN

---

[1] The Court would request that both parties submit detailed color copies of all the designs and garments at issue.