O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order GRANTING in part and DENYING in part Plaintiff's Motion for Summary Adjudication [32]**

Plaintiff L.A. Printex Industries, Inc. ("Plaintiff"), the owner of copyrights to various textile designs, brings this action against Defendants Lia Lee, Inc., Ross Stores, Inc., and Deb Shops, Inc. (collectively, "Defendants") for copyright infringement and vicarious and/or contributory copyright infringement. Now before the Court is Plaintiff's Motion for Summary Adjudication as to Defendant Lia Lee ("Lia Lee"). After considering the arguments raised in support of and in opposition to the instant Motion,[1] including the arguments advanced by counsel in their supplemental briefing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, Plaintiff's Motion is GRANTED in part and DENIED in part.

I.   BACKGROUND

Plaintiff, a Los Angeles-based fabric printing mill, is an order and print business which generates and markets textile designs created by its in-house design team. (Nah Decl. ¶ 2.) Customers place orders with Plaintiff for certain designs to be printed onto fabric for subsequent use in the apparel industry. (Id.) The designs at issue in this case consist of six different two-

---

[1] Plaintiff's Motion was originally set for hearing on November 3, 2008. At the hearing, however, the Court granted Lia Lee's Fed. R. Civ. P. 56(f) request to conduct additional discovery and re-set the matter for hearing on February 26, 2009. The Court thereafter continued the hearing to March 2, 2009.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

dimensional patterns, all of which are registered to Plaintiff with the U.S. Copyright office. (SUF[2] 3, 7, 9, 11, 13, 15, 17, 19.)[3] [4]

According to Plaintiff, Lia Lee is a fellow garment manufacturer and former customer of Plaintiff. (Mot. at 3; Nah Decl. ¶ 5.) Most of Lia Lee's clothing is manufactured abroad and then shipped throughout the United States to discount retail stores such as Ross Stores, Inc. (Id.) Specifically, Plaintiff contends that Lia Lee instructs its overseas production company to reproduce various designs, including those at issue. (Mot. at 3.) Once manufactured, it is alleged that Lia Lee imports the infringing designs into the United States and distributes them nationwide. (Id.)

From January 2007 through April 2007, Plaintiff learned of various incidents in which garments bearing nearly identical designs to those at issue were being sold for profit at certain retail stores. (SUF 4, 8, 10, 12, 14, 16, 20.[5]) Because Lia Lee's name was on all the allegedly infringing garments, Plaintiff sent to Lia Lee a cease and desist letter on October 8, 2007, demanding that Lia

---

[2] The Court cites to Defendant Lia Lee's Response to Plaintiff's Statement of Uncontroverted Facts.

[3] These designs are the subject of the following copyright registrations, and, in parentheses, Plaintiff's own internal design code: VA 1-378-100 (D40087); VA 1-375-110 (D40197); VA 1-344-829 (D40314); VA 1-344-830 (G70157); VA 1-360-756 (H80088); and VA 1-364-723 (H80195). (SUF 7, 9, 11, 13, 15, 19.) Plaintiff has voluntarily dismissed its claims regarding copyright VA 1-368-778 (H80096). (Suppl. Resp. at 6; Docket #70.)

As a side note, the registration certificates for each design indicate they are "works made for hire." Pursuant to 17 U.S.C. § 201(b), "the employer or other person for whom the work was prepared is considered the author . . . and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." Because no evidence of a written agreement to the contrary has been offered, Plaintiff is presumed to be the author.

[4] Lia Lee attempts to dispute the fact that "the subject designs are proprietary to, and owned in exclusivity by, Plaintiff." At the same time, however, Lia Lee does *not* dispute the separately listed facts that each design "is, and at all relevant times was, owned in exclusivity by L.A. Printex." (SUF 7, 9, 11, 13, 15, 19.) Thus, Lia Lee's dispute does not appear to be genuine. Nevertheless, the Court addresses below Lia Lee's arguments with regard to the validity of Plaintiff's copyrights.

[5] Lia Lee disputes these facts on the ground that Plaintiff's statements presume it (Plaintiff) has the proprietary rights to the designs at issue without first rebutting Lia Lee's evidence of independent creation. As noted below, however, the Court finds that Lia Lee has not produced any admissible evidence of independent creation.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

Lee terminate its production and sales of garments bearing Plaintiff's designs. (SUF 21.) Despite being put on notice of its potentially unlawful conduct, Plaintiff asserts that Lia Lee continued to sell some of the allegedly infringing garments, prompting Plaintiff to initiate this lawsuit.

## II.   LEGAL STANDARD

Where the moving party on a motion for summary judgment "'bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal quotation marks omitted); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (When plaintiff moves for summary judgment on an issue upon which he bears the burden of proof, "he must establish beyond peradventure all of the essential elements of the claim . . . to warrant judgment in his favor."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (on a motion for summary judgment, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact). Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Only genuine disputes–where the evidence is such that a reasonable jury could return a verdict for the nonmoving party–over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (the nonmoving party must present specific evidence from which a reasonable jury could return a verdict in its favor). However, "it is not [the task] of the district court, to scour the record in search of a genuine issue of triable fact. [The courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate reference so that it could conveniently be found.").

///

### A.   Authentication

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). It is well-established that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989).

### III. DISCUSSION

By this Motion, Plaintiff seeks to summarily adjudicate against Lia Lee its claims for copyright infringement and willful infringement.

#### A. Copyright Infringement

A prima facie case of copyright infringement consists of two elements, both of which Plaintiff must prove: "(1) ownership of the copyright; and (2) infringement–that the defendant copied protected elements of the plaintiff's work. Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (citations omitted). However, even where there is no proof of access, the [copyright holder] may prove copying by showing that the [copyright holder's] and [alleged infringer's] works are "strikingly similar." *Three Boys Music Corp.*, 212 F.3d at 485. By the same token, where a high degree of access is shown, a lesser showing of substantial similarity is required. *Id.*; *See Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). Each element is addressed in turn.

##### 1. Ownership of a valid copyright

It is well-settled that a certificate of copyright registration made within five years of publication entitles its holder to a presumption of valid copyright ownership. *See* 17 U.S.C. § 410 (c); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109-10 (9th Cir. 1998). This presumption of validity, however, "can be rebutted by a showing on the part of the defendant that the plaintiff's work is not original but copied from another's work." *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). "Originality, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). "[T]he requisite level of creativity is extremely low," *id.*, but "it is

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

not negligible." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). "There must be something more than a 'merely trivial' variation, something recognizably the artist's own." *Id.*

Plaintiff has produced copyright registrations for the six designs at issue, all of which were issued within five years of each respective design's publication date. (SUF 7, 9, 11, 13, 15, 19.) By doing so, Plaintiff has "shift[ed] to defendant the burden to prove the invalidity of the copyright[ ]." *Entm't Research Group v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (quotation marks and citations omitted).

To rebut the presumption of validity, Lia Lee argues that the relevant designs are not original. To support its contention, Lia Lee submits photographs of similar fabric patterns from various, pre-2005 issues of "Fashion News Magazine."[6] As noted in the Court's October 28, 2008 tentative ruling on the instant Motion, however, this evidence is not properly authenticated. Lia Lee merely attaches a table of contents page followed by photographs of the alleged prior work without any indication that these prior works came from the issues Lia Lee contends they did. For example, there is no date or publication title listed anywhere on the pages containing the photographs, leaving the Court and Plaintiff to simply presume that these photographs came from that particular issue of Fashion News Magazine. This is insufficient to establish authenticity. *See, e.g. Orr v. Bank of Am.*, 285 F.3d 764, 776 n.16 (9th Cir. 2002) (noting that the trial court has discretion to exclude unauthenticated extracts of a document when no other basis–e.g. authentication by another party–can be discerned). Despite having over four months to remedy this deficiency, Lia Lee has failed to do so. Plaintiff's objections to this evidence are therefore sustained.

In light of Lia Lee's failure to produce admissible evidence in this regard, the presumption of validity afforded to Plaintiff's copyright certificates remains intact. Plaintiff is therefore deemed to own valid copyrights in the designs at issue.[7] The Court now proceeds to the second element of Plaintiff's case: copying.

### 2. Infringement - Copying of protected elements

As noted, because direct evidence of copying is generally unavailable, a copyright holder

---

[6] For purposes of this Motion, Lia Lee has only attempted to rebut the validity of designs D40197, D40314, G70157, and H80088. (Opp'n at 3.) Designs D40087 and H80195 are therefore presumed to be valid and owned by Plaintiff.

[7] Lia Lee's vague hearsay challenge to Plaintiff's ownership in design D40197 is unpersuasive.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

may establish copying by showing that the alleged infringer had access to the copyright holder's work and that the two works are substantially similar. *See Three Boys Music Corp.*, 212 F.3d at 481. Even in the absence of any proof of access, however, a copyright holder may still prove copying by showing that it and the alleged infringer's works are "strikingly similar." *Three Boys Music Corp.,* 212 F.3d at 485.

        **a.**    **Access**

To prove access, a plaintiff must show that the defendant had a reasonable opportunity to view or copy the plaintiff's work. *See Three Boys Music Corp.*, 212 F.3d at 482. Reasonable opportunity is defined as "more than a bare possibility", *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982), and "may not be inferred through mere speculation or conjecture." *Three Boys Music Corp.*, 212 F.3d at 482 (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.02[A], at 13-19). Reasonable access can be proven circumstantially by showing that (1) the plaintiff's work was widely disseminated or (2) a particular chain of events links the defendant to the plaintiff's work. *Fonda*, 698 F.2d at 967.

Plaintiff contends Lia Lee was a former customer of Plaintiff and as such, had direct access to all of the subject designs. (Mot. at 12.) In support, Plaintiff produces the declaration testimony of its sales department head, Moon Jung, for the proposition that Lia Lee "purchased and paid for a number of samples of Printex designs during the period in which the infringement occurred." (Supp'l Resp. at 5; Jung Decl. ¶¶ 1-2.) Taken together, Plaintiff concludes, "it is very likely that Lia Lee accessed the designs at issue in this case, obtained samples of said designs, and then made no follow-up purchase of fabric bearing the designs because it instead knocked the designs off overseas at a cheaper price." (Supp'l Resp. at 5.) Lia Lee's arguments in opposition focus predominately on design H80096, which is no longer at issue in this case, and on its contention that because design D40392 was not published until October 15, 2006, it could not possibly have been included in the samples folder that Ms. Lee browsed in mid-2006. (Supp'l. Opp'n at 4-5.)

Given the evidence submitted to the Court, at best, there remains a triable issue of fact as to access. Tellingly, Plaintiff admits it does not keep written records of every design shown, or sample given, to potential customers like Lia Lee. (Supp'l. Resp. at 5.) And of the samples actually purchased by Lia Lee, none of those designs are involved in this particular lawsuit. (Jung Decl.,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

Exhs. 1-2.[8]) Thus, while Plaintiff produces some evidence suggesting that Lia Lee had a reasonable opportunity to view or copy some of Plaintiff's work, that evidence is largely disputed, if not refuted. Accordingly, to the extent Plaintiff is able to prove access at this stage, it does so minimally.

### b. Substantial Similarity

In the Ninth Circuit, "substantial similarity is satisfied by a two-part test of extrinsic similarity and intrinsic similarity." *Three Boys Music Corp.*, 212 F.3d at 485 (citation omitted). Initially, the extrinsic test requires that the plaintiff identify concrete elements based on objective criteria. *See Jackson*, 84 F.3d at 1218. Once the extrinsic test is satisfied, the intrinsic test is applied. The intrinsic test is subjective and asks "whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted). To prevail, a plaintiff must show substantial similarity of *both* ideas and expression. *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985) (citation omitted). And while "summary judgment is not highly favored on questions of substantial similarity in copyright cases, summary judgment is appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find substantial similarity of ideas and expression. . . ." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (quoting *Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990)); *accord Pasillas*, 927 F.2d at 442; *accord Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983) ("A grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded.") (citation omitted).

As noted above, because Plaintiff has demonstrated only minimal access, it cannot enjoy the fruits of the "inverse ratio rule," which "require[s] a lower standard of proof of substantial similarity when a high degree of access is shown." *Smith*, 84 F.3d at 1218 (citation omitted). In the absence of any proof of access, however, Plaintiff can still make out a case of infringement by showing that its designs and the allegedly infringing designs are "strikingly similar." *Id.* at 1220; *Three Boys Music Corp.*, 212 F.3d at 485.

///

---

[8] These exhibits are invoices and receipts of Lia Lee's purchase of design samples H80018 and H80096, both of which are not at issue in this lawsuit.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

In this case, there can be no question that the designs on the six Lia Lee garments at issue and each of Plaintiff's copyrighted designs are strikingly similar. In fact, looking at each as a whole, the designs are *virtually identical.* The only garment of Lia Lee's which, at first blush, bears any sort of dissimilarity–if it can even be called that–to Plaintiff's, is the garment Plaintiff alleges infringes its H80195 design. Plaintiff's H80195 design is a two-dimensional, artistic rendering of stylized, English-language phrases. Some phrases appear upside-down, while others appear lighter in color, as if in the background of the darker, more prominent phrases. The only discernible difference in Lia Lee's corresponding garment is that some of the phrases appear to be written in French, rather than English. Nevertheless, the slight discrepancies in the language used "are eclipsed by the almost total likeness in the arrangement and placement of the designs. . . ." *Eve of Milady v. Impression Bridal, Inc.*, 986 F. Supp. 158, 162 (S.D.N.Y. 1997). The Court thus finds that the designs on Lia Lee's garments are strikingly similar to Plaintiff's six designs at issue and therefore infringe Plaintiff's copyright in each. *See Twentieth Century-Fox Film Corp.*, 715 F.2d at 1330.

### 3.      Independent Creation

"By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. The burden shifts to the defendant to rebut that presumption through proof of independent creation." *Three Boys Music Corp.*, 212 F.3d at 486.

Lia Lee argues that it cannot be liable for copyright infringement because its designs were independently created by its Chinese manufacturer overseas. In that regard, Lia Lee's argument is rather unique, in that when a defendant asserts an independent creation defense, it usually does so with respect to itself, not a third party. Here, Lia Lee is not arguing that *it* independently created the infringing designs at issue; instead, Lia Lee is arguing that its *Chinese manufacturer* independently created the infringing designs and that Lia Lee merely selected those designs to be manufactured.

In support of its argument, Lia Lee offers the following evidence: deposition testimony of "entities in China indicating that these entities claim that they independently created the designs that appeared on the subject garments involved in this case." (Supp'l Opp'n at 2.[9]) Plaintiff, however,

---

[9] Lia Lee does not submit this evidence in connection with her supplemental opposition to Plaintiff's Motion. Rather, Lia Lee refers the Court to its previously filed, Fed. R. Civ. P. 19 Motion to Dismiss in which Lia Lee lodged deposition transcripts of the aforementioned Chinese entities. This alone would provide grounds for exclusion.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

objects to this evidence on several grounds, including, (1) the transcripts are hearsay; (2) they are unauthenticated; (3) they lack foundation; (4) the deposition was conducted without counsel for Lia Lee or Plaintiff present; (5) the depositions were not taken by a certified Court Reporter, but instead were transcribed by an "intern" at the law office in which they were held, in violation of Fed. R. Civ. P. 28(b)(1); (6) the "intern" who transcribed the deposition is disqualified pursuant to Fed. R. Civ. P. 28(c); (7) reasonable notice for the depositions was not given to Plaintiff; and (8) the transcripts were never certified as required by Fed. R. Civ. P. 30(f).

As a preliminary matter, Lia Lee fails to cite any direct page or line number when referring to the depositions it seeks to introduce. Instead, it broadly refers the Court to the Chinese depositions, with remarks such as "in view of the deposition testimony by the deponents in China," and "Lia Lee, Inc. has offered evidence, i.e. the deposition testimony by the entities in China . . . ." (Supp'l Opp'n at 2, 5.) This defect alone warrants exclusion of the evidence. *See Keenan*, 91 F.3d at 1279 ("it is not [the task] of the district court, to scour the record in search of a genuine issue of triable fact. [The courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."); *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999) ("[J]udges need not paw over the files without assistance from the parties.").

Nevertheless, Plaintiff's objections are well-taken and Lia Lee's "evidence" of independent creation is inadmissible. To begin, there is no evidence that these depositions were properly noticed, nor are the depositions properly certified. *Cf. Orr*, 285 F.3d at 774 ("A deposition . . . is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent.") (citations omitted). Furthermore, in disregard of the Federal Rules, an "intern" at the law office purporting to be of counsel to Lia Lee abroad is charged with recording the deposition. Lia Lee's submissions are thus clearly in contravention of the Federal Rules and Plaintiff's objections are therefore sustained. As a result, Lia Lee has no evidence of independent creation (even under its attenuated theory) and cannot rebut the presumption of copying. Plaintiff is entitled to summary judgment on its claim for copyright infringement.

///
///
///

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

**B.     Willful Infringement**

In the copyright infringement context, "willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement." *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997), *rev'd on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Alternatively, willfulness is shown where "the defendant recklessly disregarded the possibility that its conduct represented infringement." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) (internal quotations and citation omitted). Generally, a determination as to willfulness requires an assessment of a party's state of mind, a factual issue that is not usually susceptible to summary judgment. *Sega Enter. Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996). Rather, the determination of willfulness is ordinarily a question of fact for the jury. *Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986).

Plaintiff contends Lia Lee willfully infringed its copyrights because nearly seven months after receiving a cease and desist letter, at least one of the infringing garments–a shirt bearing design H80088–was still being offered for sale. (Mot. at 15; Nah Decl. Exhs. 15, 22.) In opposition, Lia Lee stands by its position that it dutifully complied with Plaintiff's demand letter, (Wong Decl., Exh. D), but notes, "[t]he fact that the subject garment was found for sale in Defendant Ross store [sic] should not be used as evidence against Lia Lee, Inc." (Opp'n at 6.) Well, why not? In *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 (9th Cir. 1990), the determinative factor in finding willfulness, as a matter of law, was the defendant's undisputed notice of the alleged infringement and his continued infringement thereafter despite the notification. *Id.* at 1335-36 (finding willfulness because the defendants received notice of the termination of their licenses to manufacture, distribute and sell certain copyrighted works, yet nevertheless continued to so). It is undisputed that Lia Lee had notice of Plaintiff's cease and desist letter. It is also undisputed that nearly seven months later, a garment bearing Plaintiff's design H80088 was still being sold. As to that design, then, Plaintiff's Motion is GRANTED. Plaintiff's Motion as to the rest of the designs at issue, however, is DENIED.

///
///
///
///

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1836 ODW (PJWx) | Date | March 23, 2009 |
|---|---|---|---|
| Title | *L.A. Printex Industries, Inc. v. Lia Lee, Inc., et al.* | | |

### IV. CONCLUSION

      Lia Lee has offered no admissible evidence capable of creating a triable issue of fact as to Plaintiff's claim against it for copyright infringement. The majority of Plaintiff's claim for willful infringement, however, must go to a jury. Thus, for the reasons set forth above, Plaintiff's Motion is GRANTED in part and DENIED in part.

      **IT IS SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |